IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON BRENT,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC.; NIKE RETAIL SERVICES, INC.,; RODGER USHIO; and R.J. HILL,<br><br>Defendants. | **ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE**<br><br>Case No. 2:19-cv-00749<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Jason Brent filed this action against his former employer, Nike, Inc., and individuals Rodger Ushio and R.J. Hill, claiming they discriminated against him. The undersigned referred this case to then-Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). The case was later reassigned to Magistrate Judge Jared C. Bennett.[1]

In October 2019, Defendants filed a Motion to Dismiss, arguing Brent's claims were untimely and not legally cognizable, and that in any event that he was barred from suing Ushio and Hill individually. Brent responded by filing an Amended Complaint specifically naming as Defendants only Nike, Inc. and Nike Retail Services, Inc., and asserting federal law claims under the Age Discrimination in Employment Act (ADEA) and Title VII, as well as unspecified state law claims.[2] On November 26, 2019, Defendants filed a second Motion to Dismiss.[3]

---

[1] *See* dkt. 13; dkt. 21.

[2] *See* dkt. 14.

[3] Dkt. 15. The Motion is also filed on behalf of Nike, Inc. and Nike Retail Services, Inc. as well as R.J. Hill, who is not expressly named as a Defendant in the Amended Complaint.

1

On September 1, 2020, Judge Bennett issued a Report and Recommendation, recommending that Defendants' Motion be granted.[4]  Judge Bennett recommended that Brent's federal law claims be dismissed with prejudice.[5]  Specifically, Judge Bennett concluded that Brent's ADEA claim was time-barred, and that his Title VII claim is not cognizable because age is not a protected class under Title VII.[6]  Judge Bennett further recommended that the court decline to exercise supplemental jurisdiction over Brent's state law claims and that those claims be dismissed without prejudice.[7]

On September 18, 2020, Brent timely filed an Objection to the Report and Recommendation.[8]  In it, he did not contest most of Judge Bennett's conclusions, except that he presented new evidence purporting to show his ADEA claim is not time-barred.[9]

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the undersigned returned the Report and Recommendation to Judge Bennett with instructions to consider whether any additional action should be taken in light of Brent's Objection and the new evidence contained therein.[10]

On February 12, 2021, Judge Bennett issued a new Report and Recommendation.[11]  Focused solely on the remaining ADEA claim in light of the new evidence, Judge Bennett concluded that Brent's claims for hostile work environment and discrimination/constructive

---

[4] Dkt. 26.

[5] Dkt. 26 at 12.

[6] Dkt. 26 at 7–11.

[7] *Id.* at 13.

[8] Dkt. 27.

[9] *Id.* at 2–7.

[10] Dkt. 28.

[11] Dkt. 29.

discharge were timely-filed, but that his claim for retaliation was not. But considering the substance of the claim, Judge Bennett concluded Brent in his Amended Complaint had failed to state a claim for a sufficiently severe and pervasively hostile work environment, or for any alleged constructive discharge resulting from a hostile work environment. Judge Bennett thus recommended: 1) that the Motion to Dismiss be granted, 2) that Brent's federal claims be dismissed with prejudice, and 3) that Brent's state law claims be dismissed without prejudice.[12] In the Report and Recommendation, Judge Bennett notified the parties that they "must file any objection . . . within fourteen (14) days of being served with a copy of it," and that "[f]ailure to object may constitute waiver of objections upon subsequent review."[13]

Twenty-four days have passed since Judge Bennett issued his Report and Recommendation, and no party has filed any objection to it. Accordingly, any objections are waived. The court therefore ADOPTS the Report and Recommendation in full, and GRANTS the Motion to Dismiss.[14] Brent's federal claims are dismissed with prejudice, and his state law claims are dismissed without prejudice to refile in state court.

**SO ORDERED** this 8th day of March 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[12] Dkt. 29 at 15.

[13] *Id.*

[14] Dkt. 15.